**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CELEBRATIONS CATERERS, INC., | : | |
| BENSALEM LANDMARK PLAZA | : | |
| ASSOC., ET AL, | : | |
|      Plaintiffs, | : | CIVIL ACTION |
| | : | |
|      v. | : | NO. 06-1341 |
| | : | |
| THE NETHERLANDS INSURANCE | : | |
| CO., ET AL., | : | |
|      Defendants. | : | |

**MEMORANDUM & ORDER**

Tucker, J.                                                                                January \_\_\_ , 2008

Presently before this Court is Defendant The Netherlands Insurance Company's ("Netherlands") Motion for Summary Judgment (Doc. 29), Plaintiff Bensalem Landmark Plaza's ("Bensalem") Response and Cross Motion for Summary Judgment (Doc. 31), and Netherlands's Response to Bensalem's Cross Motion (Doc. 33).  For the reason set forth below the Court will grant Netherlands's Motion for Summary Judgment and deny Bensalem's Motion for Summary Judgment.

**BACKGROUND**

From the record of evidence the pertinent facts are as follows.  This cause of action arises from a claim submitted by Bensalem to Netherlands and Discover Property & Casualty Company ("Discover") pursuant to its commercial property insurance policy ("the policy") for damage that occurred at the Bensalem Landmark Plaza as well as damage to leasehold improvements to the premises owned by Celebrations Caterers, Inc. ("Celebrations").  The policy held by Bensalem through Netherlands provides coverage for damage to the building for loss of rental income.  Celebrations maintains its own policy through Discover for damage to property owned and

maintained by Celebrations and for loss of business income.[1]

On or about July 9, 2005, a fire occurred at a premises owned by Bensalem.  The fire caused extensive damage to not only the Bensalem's premises but also leasehold improvements owned by Celebrations.  Bensalem alleges that the fire resulted in a substantial disruption of Celebrations business activities and consequential loss of income.  Bensalem alleges that, subsequent to the fire, it submitted benefits claims under the policy however Netherlands has failed and refused to pay.  Netherlands avers that it issued a $25,000 advance payment to Bensalem immediately after the fire.  In order ensure no events at Celebrations would be canceled, Celebrations performed repairs at the property.  Netherlands also paid Bensalem $20,863.

The policy contains an appraisal provision which permits appraisal by written demand if the parties disagree on the value of the property or the amount of loss.   October 13, 2006, this Court granted Defendants Netherlands's and Discover Property & Casualty Insurance Company's Motions to Dismiss thereby dismissing Plaintiff's Breach of Contract claims since those claims were not ripe as appraisal had not yet occurred; Plaintiff's claims for emotional distress were also dismissed.

Thereafter, Bensalem presented a written demand for appraisal and an appraisal award was entered.  Netherlands paid the balance owed pursuant to the appraisal award.  The appraisal award included the cost to rebuild a structural column located at the property; the award also

---

[1] Netherlands reports that Celebrations and Discover recently settled their claims.

stated the "period of restoration" as four weeks.[2]

On or about March 20, 2007, Bensalem submitted a sworn statement of proof of loss for rental loss.  On or March 29, 2007, Netherlands formally rejected Bensalem's proof of loss claim.  Netherlands explains that since Bensalem provided no proof that failure to pay rent was related to the fire, Celebrations's failure to pay rent did not fall within business interruption as defined in the policy.  By letter dated March 29, 2007, Netherlands agreed to pay one month rental income, in the amount of $41,801.00, less discounted expenses, when the structural beam is replaced and the actual loss is sustained pursuant to the policy terms.

On April 18, 2007, Plaintiffs reinstated its causes of action for bad faith and breach of contract.

Netherlands's present motion request summary judgment on: 1) Bensalem's claim for four months of rental income under the business income provision provided by the policy; and 2) Bensalem's bad faith claim.  Bensalem's cross motion seeks summary judgment as to Netherlands's alleged liability for loss of rental income for the August 2005, June 2006, and July 2006, in the aggregate amount of $120,570.00.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.  56(c).  An issue is "genuine" if the evidence is such that a reasonable

---

[2] The "period of restoration" is explained as the time Celebrations would need to close to allow repair of the column.

3

jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against opponent, even if the quality of the movant's evidence far outweighs that of its opponent."  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

**DISCUSSION**

1.      **Business income coverage - Claim for loss of four months rental income under the**

        **policy**

        Netherlands contends that the appraisal award is binding on both parties and includes

both an award for building damages and a determination of the period of restoration necessary to

make repairs.  Bensalem agrees that the appraisal award of $41,800.00 is binding on Netherlands

however Bensalem contends that Netherlands is also liable for loss of rent for August 2005, June

2006, and July 2006.  Netherlands retorts that the $41,801.00 portion of the appraisal award is

not yet due as no repairs of the structural steel column have been performed or scheduled.

        Pennsylvania law provides that an appraisal award made pursuant to the insurance

contract conclusively establishes the amount of the insured's loss and is binding on the parties.

Santora v. Commercial Union Ins. Co., 1998 U.S. Dist. LEXIS 2366 (E.D.Pa Feb. 26, 1998);

Patriotic Order Sons v. Hartford Fire Ins. Co., 305 Pa. 107, 113(1931) ("an award of arbitrators

or appraisers, such as is provided for in the policy in this case and in the agreement of

submission, cannot be set aside except for actual fraud or deception or for a mistake on the part

of the appraisers which is not a mere mistake of judgment.").  Judicial review of appraisal is

limited to fraud, misconduct, corruption or other irregularity causing an unjust result.  Boulevard

Assocs. v. Seltzer Partnership, 445 Pa. Super. 10 (1995).

        The appraisal award of $41,801.00 is indeed binding on the parties and will as there are

no allegations of fraud, misconduct, corruption or other irregularity, the award must remain

intact.  Nonetheless, Netherlands is not yet liable for payment pursuant to the appraisal award

since the policy specifically provides:

5

[Netherlands] will pay for *actual loss* of Business Income [Bensalem] sustain[s] due to the necessary "suspension" of [Bensalem's] "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss or damage to property of premises which are described in the Declarations and for which a Business Income Limit of insurance is shown in the Declarations.

(Emphasis added.)

The appraisers in the instant matter were specifically limited to the cost to rebuild a structural column located at the property and the "period of restoration" required to replace the beam and thereby interrupt Celebrations's events. Bensalem does not assert that the repairs have been performed or scheduled nor that the period of restoration has begun. Once the repairs are made or scheduled Netherlands will be liable for payment. As there is no evidence that there is *actual loss* Bensalem's motion for summary judgment will be denied.

An appraisal award, however, resolves only issues of valuation not the entire controversy. Boulevard Assoc. v. Seltzer P'ship., 664 A.2d 983, 986 (1995). The Court must now examine whether Netherlands is entitled to summary judgment on Bensalem's remaining claims for rental income under the business income coverage provided by the policy; that is whether the Netherlands is liable for the rental income for August 2005, June 2006, and July 2006.

Netherlands argues that Bensalem is not entitled to rental income for the claimed dates since Bensalem has not demonstrated loss of tenant occupancy of the insured premises.

The policy's plain language provides coverage for a necessary suspension of operations during the period of restoration. The parties dispute the appropriate interpretation of the policy definition for "suspension." Suspension is defined in the policy as:

A) the slow down or cessation of [Bensalem's] business activity; or
B) that part or all of the described premises us rendered untenantable, if coverage for

business income including "rental value" or "rental value" applies.

Netherlands states that since Bensalem selected coverage under which Business Income covers "rental value" only, Bensalem is not entitled to recovery for suspension due to "slow down or cessation . . . of business activity."   The policy states in pertinent part:

> Coverage is provided as described and limited below for one or more of the following options for which a Limit of Insurance is shown in the Declarations:
>
> a.    Business Income including "Rental Value."
> b.    Business Income other than "Rental Value."
> c.    "Rental Value"
>
> If option a. above is selected, the term Business income will include "Rental value." *If option c. above is selected, the term Business Income will mean "Rental Value" only.*

(Emphasis added.)

Bensalem admits that its business income coverage pursuant to the policy is limited to "rental value" and does not dispute that the premises was indeed tenantable.  Instead, Bensalem argues that it is entitled to compensation for loss of rental value due to a "slow down or cessation" business activity since the policy language can be read to allow coverage for either "slow down or cessation" or "untentantablity."

The plain language of the policy states that where "rental value" applies, the suspension occurs when that part or all of the described premises us rendered untenantable.  Contrary to Bensalem's contentions, the language of the policy is unambiguous; it specifically states the conditions upon which the provisions apply.  This Court cannot accept Bensalem's interpretation that it is entitled to the compensation due to slow down or cessation.  Bensalem elected for business income coverage limited to "rental value."  Pursuant to the policy, where coverage for "rental value" applies, Netherlands is liable to Bensalem for payment under this provision only

where the premises is rendered untenantable. Neither party contends that the premises was at any time untentantable, therefore the policy requirement of "suspension" has not been triggered and Netherlands is not liable for compensation.

**2.      Bad Faith**

Netherlands seeks summary judgment stating that Plaintiff has failed to establish a claim for bad faith pursuant to 42 Pa.C.S.A. § 8371.  Bensalem responds that according to the testimony of Frank DiCianni,[3] the allegations of bad faith against Netherlands are based upon "untimely payments of monies" where invoices were submitted.  According to Bensalem there exists a material issue of fact as to whether the failure of Netherlands to make payments in a timely manner was in violation of the Pennsylvania Unfair Insurance Practices Act and Unfair Claims Settlement Practices Act.

In interpreting "bad faith" in the context of insurance courts have applied the Black's Law Dictionary which provides:

> *Insurance.* "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; It is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Rottmund v. Continental Assurance Co., 813 F. Supp. 1104 (E.D.Pa. Dec. 18, 1992) (citing Black's Law Dictionary 139 (6th ed. 1990); Terletsky v. Prudential Property & Casualty Ins. Co., 437 Pa. Super. 108 (1994).

Bensalem's bald allegations of untimely payments cannot sustain its claim of bad faith.

---

[3] Frank DiCianni is a principal of Bensalem and Celebrations.

As there is no evidence before the Court that Netherlands acted unreasonably or with frivolous motivation, Netherlands's motion for summary judgment will be granted.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CELEBRATIONS CATERERS, INC.,** | : | |
| **BENSALEM LANDMARK PLAZA** | : | |
| **ASSOC., ET AL,** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 06-1341** |
| | : | |
| **THE NETHERLANDS INSURANCE** | : | |
| **CO., ET AL.,** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

     **AND NOW**, this _____ day of January 2008, upon consideration of Defendant The Netherlands Insurance Company's ("Netherlands") Motion for Summary Judgment (Doc. 29), Plaintiff Bensalem Landmark Plaza's ("Bensalem") Response and Cross Motion for Summary Judgment (Doc. 31), and Netherlands's Response to Bensalem's Cross Motion (Doc. 33), **IT IS HEREBY ORDERED AND DECREED** that:

1.     Netherlands's Motion for Summary Judgment is **GRANTED**; and

2.     Bensalem's Cross Motion for Summary Judgment is **DENIED**.

The Clerk of the Court shall mark the above-captioned case **CLOSED**.


     **BY THE COURT:**

     /s/ Petrese B. Tucker

     _____

     **Hon. Petrese B. Tucker, U.S.D.J.**